IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **SYSTEM FUELS, INC.,** on its own behalf and as agent for ENTERGY LOUISIANA, INC., Plaintiff, v. **THE UNITED STATES,** Defendant. | No. 03-2621C (Judge Williams) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Pursuant to RCFC 56, Plaintiff System Fuels, Inc. ("SFI"), on its own behalf and as agent for Entergy Louisiana, Inc. ("Entergy Louisiana"), respectfully requests that this Court enter summary judgment against Defendant (the "Government") on the issue of the Government's liability for partial breach of contract.

## I. STANDARD OF REVIEW

Generally, summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. RCFC 56(c); Rockwell Int'l Corp. v. United States, 147 F.3d 1358, 1361 (Fed. Cir. 1998).

## II. THE GOVERNMENT BREACHED SFI'S STANDARD CONTRACT

There is no genuine issue of material fact that the Government breached SFI's Standard Contract and should be held liable for the resulting damages. Generally, "[f]ailure to perform a contractual duty when it is due is a breach of the contract." Winstar Corp. v. United States, 64 F.3d 1531, 1545 (Fed. Cir. 1995) (en banc), aff'd, 518 U.S. 839 (1996); see also Indiana Mich. Power Co. v. United States, 57 Fed. Cl. 88, 97 (2003). The Government breached SFI's

Standard Contract when it failed to begin disposal of SFI's and other utilities' spent nuclear fuel on January 31, 1998 as required by Article II of the Standard Contract. The Government has conceded that it did not commence performance on that date. Indeed, the current "official" position of the Department of Energy ("DOE") is that it will not commence performance until 2010 at the earliest. Final Interpretation, 60 Fed. Reg. 21,793, 21,794 (May 3, 1995).

By way of background, SFI and the Government entered into the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, 10 C.F.R. § 961.11 ("Standard Contract"), which is a valid contract. See SFI's Contract[1]; PFF ¶¶ 1-3.[2] Under the Nuclear Waste Policy Act ("NWPA") and Article II of SFI's Contract, the Government had a clear duty to begin accepting spent nuclear fuel ("SNF") by January 1, 1998. Nuclear Waste Policy Act, 42 U.S.C. § 10222(a)(5); SFI's Contract, Art. II; Northern States Power Co. v. Dep't of Energy, 128 F.3d 754, 760 (D.C. Cir. 1997) ("[T]he NWPA directs DOE to undertake the duty to begin taking the SNF by January 31, 1998, whether or not it has a repository or interim storage facility."); Indiana Mich. Power Co. v. United States, 88 F.3d 1272, 1276 (D.C. Cir. 1996) (holding that the DOE's obligation to begin to dispose of SNF not later than January 31, 1998 is "without qualification or condition"); PFF ¶¶ 4-6.

Furthermore, the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") has already determined that the Government breached every Standard Contract, when the DOE failed to begin accepting SNF on January 31, 1998. Maine Yankee Atomic Power Co. v. United States,

---

[1] "SFI's Contract" refers to the contract between SFI, on behalf of itself and Entergy Louisiana (then known as Louisiana Power & Light Company), and DOE, executed on February 2, 1984. See Complaint ¶¶ 2, 9. Although Entergy Louisiana owns the Waterford 3 nuclear power plant, SFI performs all duties of the Purchaser under the Standard Contract, including payment of the quarterly fee. See Complaint ¶ 2, n.1.

[2] "PFF" refers to SFI's Proposed Findings of Uncontroverted Fact in Support of Its Motion for Summary Judgment on Liability, filed concurrently with this motion.

225 F.3d 1336, 1342 (Fed. Cir. 2000) ("The breach involved all utilities that had signed the contract – the entire nuclear electric industry."); PFF ¶¶ 8-9; see also Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000). Notably, the Government expressly stated that it would not be able to begin to dispose of SNF stored by nuclear utilities, including SFI, until at least 2010. Final Interpretation, 60 Fed. Reg. at 21,794; PFF ¶ 7; see also Roedler v. Dep't of Energy, 255 F.3d 1347, 1350 (Fed. Cir. 2002). Therefore, there is no question that the Government breached SFI's Standard Contract. In fact, as of the date of this filing, in each of the eight cases in which it has addressed this very issue,[3] the Court of Federal Claims has found the Government liable for breach of the Standard Contract.

[3] Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.); Florida Power & Light Co. v. United States, No. 98-483C (Sypolt, J.); Commonwealth Edison Co. v. United States, No. 98-621C (Hewitt, J.); Yankee Atomic Elec. Co. v. United States, No. 98-126C (Merow, S.J.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Merow, S.J.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Merow, S.J.); Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.); and Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.).

**CONCLUSION**

For the foregoing reasons, SFI respectfully requests that this Court enter summary judgment against the Government on the issue of the Government's liability for partial breach of contract.

Dated: May 28, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf
and as agent for Entergy Louisiana, Inc.

Of Counsel:
Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Joseph L. Blount
Entergy Services, Inc.
Legal and External Affairs
P.O. Box 31995
Jackson, MS 39286-1995

Document #: 1401408 v.1