IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**SYSTEM FUELS, INC.,** on its own behalf and as agent for ENTERGY LOUISIANA, INC.,

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

No. 03-2621C
(Judge Williams)

**SYSTEM FUELS, INC.'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Pursuant to RCFC 56(h)(1), Plaintiff System Fuels, Inc. ("SFI"), on its own behalf and as agent for Entergy Louisiana, Inc. ("Entergy Louisiana"), through its undersigned counsel, submits these proposed findings of uncontroverted fact in support of its motion for summary judgment on liability:

1. On February 2, 1984, SFI, on behalf of itself and as agent for Entergy Louisiana (then known as Louisiana Power & Light Company), executed the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, 10 C.F.R. § 961.11 ("Standard Contract"), with the Department of Energy ("DOE"). Complaint ¶¶ 2, 9.

2. Although Entergy Louisiana owns the Waterford Steam Electric Generating Station, Unit 3 nuclear power plant ("Waterford 3"), SFI performs all duties of the Purchaser under the Standard Contract on behalf of Entergy Louisiana, including payment of the quarterly fee. Complaint ¶ 2, n.1.

3. In exchange for the payment of fees into the Nuclear Waste Fund, DOE promised to begin removal of spent nuclear fuel ("SNF") from Waterford 3 no later than January 31, 1998. Standard Contract, 10 C.F.R. § 961.11, Art. II; Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1338 (Fed. Cir. 2000). Generally, DOE was "under a statutory 'obligation . . . reciprocal to the utilities' obligation to pay, to start disposing of the SNF no later than January 31, 1998.'" Northern States Power Co. v. United States, 224 F.3d 1361, 1366 (Fed. Cir. 2000) (quoting Indiana Mich. Power Co. v. United States, 88 F.3d 1272, 1277 (D.C. Cir. 1996)).

4. "[T]he [Nuclear Waste Policy Act] directs DOE to undertake the duty to begin taking the SNF by January 31, 1998, whether or not it has a repository or interim storage facility." Northern States Power Co. v. Dep't of Energy, 128 F.3d 754, 760 (D.C. Cir. 1997).

5. "DOE's duty to take the materials by the 1998 deadline is also an integral part of the Standard Contract, which provides that the Department 'shall begin' disposing of the SNF by January 31, 1998." Id. at 758 (citing and quoting the Standard Contract, 10 C.F.R. § 961.11, Art. II).

6. The duty to begin taking SNF by January 31, 1998 was "without qualification or condition." Indiana Mich., 88 F.3d at 1276.

7. On May 3, 1995, DOE formally admitted that it would be unable to begin to dispose of SNF until 2010. Final Interpretation, 60 Fed. Reg. 21,793, 21,794 (May 3, 1995).

8. DOE's failure to begin accepting, transporting, and disposing of SNF from Waterford 3 constitutes a breach of contract. Maine Yankee, 225 F.3d at 1343 (Fed. Cir. 2000).

9. "The breach involved all the utilities that had signed the contract – the entire nuclear electric industry." Id. at 1342.

Dated: May 28, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf
and as agent for Entergy Louisiana, Inc.

Of Counsel:
Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Joseph L. Blount
Entergy Services, Inc.
Legal and External Affairs
P.O. Box 31995
Jackson, MS 39286-1995

Document #: 1401855 v.1