**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on November 30, 2006)

| | |
|---|---|
| **SYSTEM FUELS, INC.,** on its own behalf and as agent for ENTERGY LOUISIANA, INC., Plaintiff, v. **THE UNITED STATES,** Defendant. | No. 03-2621C (Judge Williams) |

**PLAINTIFF'S MOTION TO STAY**

Plaintiff System Fuels, Inc., on its own behalf and as agent for Entergy Louisiana, Inc., through the undersigned counsel, respectfully files this motion to request that this case be stayed for a period of six additional months. A stay of this duration is appropriate due to (1) the timing of how Plaintiff continues to accrue damages in this case, and (2) the possible (if not likely) appeal of recent decisions in other spent nuclear fuel damages cases in this Court. Plaintiff respectfully submits that the U.S. Court of Appeals for the Federal Circuit's (the "Federal Circuit") resolution of any such appeals in calendar year 2007 will likely facilitate a more efficient adjudication of the instant action, just as the Federal Circuit's decisions in calendar year 2005 and 2006 have already provided significant clarification regarding this Court's jurisdiction over the spent nuclear fuel damages cases and the proper scope of a damages trial in a suit for partial breach of contract.[1] Counsel for Plaintiff has spoken with counsel for the Government,

[1] The discussion below of this Court's and the Federal Circuit's recent decisions in the spent nuclear fuel cases – upon which the instant motion to stay is based – also addresses in part the Court's April 4, 2006 Order directing the parties to file supplemental briefs on the effect of these decisions on the pending summary judgment motions in this case.

Mr. Harold Lester, who has represented that the Government has not yet taken a position on this motion to stay.

As the Court is aware, in the spent nuclear fuel cases, the Federal Circuit issued two key decisions in 2005 and 2006. Most recently, in PSEG Nuclear, LLC v. United States, 465 F.3d 1343 (Fed. Cir. 2006), the Federal Circuit held that this Court has subject-matter jurisdiction under the Tucker Act over plaintiff utilities' breach of contract claims in the spent nuclear fuel damages cases. Second (and perhaps more significantly), the Federal Circuit held in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005) ("Indiana Michigan"), that in a suit for partial breach of contract, a plaintiff may recover pre-breach damages but those damages are generally "limited to those costs incurred prior to the date of its suit." Id. at 1376-77. Costs that have yet to be incurred must be sought in separate actions "as they are incurred." Id.[2]

Thus, the practical effect of the Indiana Michigan decision is that, in cases where a large portion of a plaintiff utility's spent nuclear fuel storage costs (that are caused by the Government's breach of the Standard Contract) have yet to be incurred, it makes little procedural

[2] The Federal Circuit also held, however, that "[i]f the breach is partial only, the injured party may recover damages for nonperformance only to the *time of trial* and may not recover damages for anticipated future nonperformance." 422 F.3d at 1376 (emphasis added). Despite this apparently conflicting language about the type of damages that are recoverable in a partial breach suit, the Federal Circuit chose not to clarify the issue. Since the Federal Circuit's decision, plaintiff utilities and the Government disagreed about the effect of Indiana Michigan on the recoverability, as a matter of law, of post-complaint/pre-trial damages in other spent nuclear fuel cases. The parties resolved their disagreement on this issue in most cases through the plaintiffs' filing of amended and/or supplemental complaints and agreements between the parties upon a damages "cutoff" date for those cases. E.g., Florida Power & Light Co. v. United States, No. 98-483C (Baskir, J.) (November 30, 2005 cutoff date); Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.) (December 31, 2004 cutoff date); System Fuels, Inc. v. United States, No. 03-2624C (Braden, J.) (August 31, 2005 cutoff date); see also System Fuels, Inc. v. United States, 2006 U.S. Claims LEXIS 288 *11-*18 (Fed. Cl. Sept. 29, 2006) (granting the plaintiff utility leave to file an amended and supplemental complaint for damages through June 30, 2006 in a case where trial is scheduled to commence in February 2007).

sense for those cases to proceed towards discovery and trial until such time as significant damages have actually been incurred. In this case, while Plaintiff has incurred some spent nuclear fuel storage costs as a result of the Government's breach, its more significant additional fuel storage costs will not likely be incurred for several years. Thus, Plaintiff respectfully submits that a stay in this case is appropriate under Indiana Michigan until Plaintiff is in a position to seek recovery of costs that will be incurred in the future. If, by that time, the Court has granted Plaintiff's pending summary judgment motion on liability, Plaintiff is prepared to file an amended or supplemental complaint and, to the extent necessary, reach agreement with the Government upon an appropriate damages "cutoff" date for trial.

Additionally, as noted above, this Court has recently issued extensive trial decisions in the spent nuclear fuel cases that have varied in scope and rationale for damages. For example, in Yankee Atomic Elec. Co. v. United States, 2006 U.S. Claims LEXIS 296 (Fed. Cl. October 4, 2006) ("Yankee"), this Court awarded the plaintiffs over $140 million in damages. This decision was based, *inter alia*, on findings that the plaintiffs' decisions to build dry fuel storage facilities were reasonable, that the Department of Energy's delay in commencing Standard Contract performance was a "substantial factor" in such commercially reasonable decisions, and that the Government failed to establish that those decisions were unreasonable. Id. at *175. The Yankee decision awarded damages to the plaintiffs without any specific findings about a contractual rate of spent nuclear fuel acceptance. On the other hand, in Pac. Gas and Elec. Co. v. United States, 2006 U.S. Claims LEXIS 302 (Fed. Cl. Oct. 13, 2006) ("PG&E"), this Court awarded the utility plaintiff approximately $43 million in damages. The PG&E damages decision was largely premised on a finding that "had DOE performed the Standard Contract by accepting the utilities' spent fuel beginning no later than January 31, 1998, DOE would have accepted from the utilities 400 MTU in 1998, 600 MTU in 1999, and starting in 2000, 900 MTU/year until 2007." Id. at

*221. Thus, in light of these two recent decisions, it appears that this Court has already expressed somewhat conflicting views regarding the recovery of damages in the spent nuclear fuel cases.[3] The time period for filing an appeal in either of these cases not yet passed, but it seems reasonably likely that at least one of these decisions will be appealed to the Federal Circuit. Moreover, although these two trial decisions dealt largely with damages-related matters that are not yet at issue in this case, any decision from the Federal Circuit regarding, *inter alia*, the recovery of dry fuel storage costs and the rate of spent fuel acceptance will have a significant effect on how the parties would litigate the instant action. Plaintiff respectfully submits that any clarification from the Federal Circuit in Yankee and/or PG&E will facilitate the efficient adjudication of Plaintiff's damages claim here.

Finally, as the Court may be aware, this Court most recently held in Nebraska Pub. Power Dist. v. United States, 2006 U.S. Claims LEXIS 323 (Fed. Cl. Oct. 31, 2006) ("NPPD"), that the U.S. Court of Appeals for the District of Columbia Circuit's partial writ of mandamus in Northern States Power Co. v. Dep't of Energy, 128 F.3d 754 (D.C. Cir. 1997), is "void" and does not preclude the Government from arguing in this case that it is not liable for partial breach of contract under the "Unavoidable Delays" clause of the Standard Contract. The plaintiff in that case (also represented by the undersigned counsel) filed a motion on November 13, 2006 for certification of the NPPD decision for interlocutory appeal. If that motion is granted, and if the Federal Circuit subsequently grants permission for interlocutory appeal, the outcome of such an appeal would almost certainly affect the Court's adjudication of Plaintiff's pending motion for

---

[3] Earlier, in Tennessee Valley Auth. v. United States, 69 Fed. Cl. 515 (2006) ("TVA"), this Court awarded to the plaintiff approximately $35 million in damages from the Government's breach of the Standard Contract. In TVA, the parties stipulated upon an acceptance rate for the purposes of trial. Neither party appealed the trial decision.

summary judgment on liability in this case. For this reason also, a stay in the instant action is appropriate if and until the Federal Circuit rules on the "Unavoidable Delays" issue in NPPD.

**CONCLUSION**

Thus, for the foregoing reasons, Plaintiff respectfully requests that the Court stay this case for six months, through May 31, 2007. On or before that date, the parties propose to file a joint status report updating the Court regarding the status of any appeals at the Federal Circuit or any other significant developments in the spent nuclear fuel damages cases.

Dated: November 30, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf and
as agent for Entergy Louisiana, Inc.

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)