IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEM FUELS, INC. on its own behalf and, as agent for ENTERGY LOUISIANA, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2621C (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO STAY

Defendant, the United States, respectfully responds to plaintiff's request that the Court stay proceedings in this case through May 31, 2007.

As an initial matter, we agree that, in light of the various appellate court proceedings and other proceedings before this Court that are continuing and are significantly further developed than this case, a stay of proceedings is appropriate. However, we cannot agree that a stay only through May 31, 2007, will achieve any of the benefits that the plaintiff has described. Based upon the rationale that the plaintiff has based its stay request, this Court should be stayed until the resolution of any appeals in the cases that the plaintiff identified in its motion to stay: (1) Yankee Atomic Electric Co. v. United States, No. 98-126C, slip op. (Fed. Cl. Oct. 4, 2006), appeal pending, No. 2007-5025 (Fed. Cir. docketed Dec. 7, 2006), and its two companion cases, Connecticut Yankee Atomic Power Co. v. United States, No. 2007-5027 (Fed. Cir. docketed Dec. 8, 2006), and Maine Yankee Atomic Power Co. v. United States, No. 2007-5026 (Fed. Cir. docketed Dec. 7, 2006); (2) Pacific Gas & Electric Co. v. United States, Nos. 04-0074C & -0075C, slip op. (Fed. Cl. Oct. 13, 2006), motion for reconsideration by plaintiff denied, slip op. (Fed. Cl. Dec. 22, 2006); and (3) Nebraska Public Power District v. United States, No. 01-116C,

slip op. (Fed. Cl. Oct. 31, 2006), motion to certify for interlocutory appeal granted, slip op. (Fed. Cl. Dec. 19, 2006).[1] It is only with appellate guidance regarding many of the issues that are being retried and reargued repeatedly in different spent nuclear fuel cases can some of the duplicative work that is being undertaken in the spent nuclear fuel litigation be reduced. However, those appeals will certainly not be resolved by May 31, 2007. The foundation underlying the plaintiff's stay request does not support the limitation upon the stay that the plaintiff has requested, and the plaintiff's request for only a short stay – which would be lifted, as we explain below, immediately after three pending trials in other spent nuclear fuel cases in which the plaintiff's parent corporation is involved are scheduled to have concluded – makes no sense based upon the stated justification. A more appropriate stay, based upon the plaintiff's stated justification, would relate to the conclusion of the identified appellate proceedings. To the extent that circumstances develop that would justify lifting a stay prior to the conclusion of any possible appeals of those cases, the plaintiff or the defendant can file an appropriate motion with the Court.

This case should remain stayed beyond the plaintiff's proposed date for an additional reason. The parent corporation of the plaintiff in this case is Entergy Corporation. At the present time, there are eight cases pending before this Court that were filed by subsidiaries of Entergy Corporation: three of them captioned as System Fuels, Inc. v. United States, each of which was assigned to a different judge of this Court (No. 03-2621C to Judge Williams, No.

---

[1] In addition, the Court issued final judgment in another spent nuclear fuel case, Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl.), on December 4, 2006. For the same reasons that the plaintiff explained in its motion to stay, any continued proceedings in this case should await any appellate resolution of that decision.

03-2623C to Judge Lettow, and No. 03-2624C to Judge Braden), and five of them expressly captioned as an Entergy-related company: Entergy Gulf States, No. 03-2625C (assigned to Judge Williams); Entergy Nuclear Fitzpatrick, No. 03-2627C (Chief Judge Damich); Entergy Nuclear Generation Co., No. 03-2626C (Judge Lettow); Entergy Nuclear Indian Point 2, No. 03-2622C (Judge Wheeler); and Entergy Vermont Yankee, No. 03-2663C (Judge Wheeler). Although these cases are assigned to a total of five different judges, they are all represented by the same litigation counsel. Counsel for these plaintiffs have requested that particular cases proceed, while they have requested that others be stayed temporarily. Trial has already commenced in System Fuels, Inc., No. 03-2624C, before Judge Braden; is scheduled to begin in System Fuels, Inc., No. 03-2621C, before Judge Lettow on February 12, 2007; and is scheduled to begin in Entergy Nuclear Generation Co., No. 03-2626C, which has been partially consolidated with Boston Edison Co. v. United States, No. 99-447C, before Judge Lettow on May 7, 2007. Discovery is now proceeding in Entergy Vermont Yankee, No. 03-2663C, and Entergy Nuclear Indian Point 2, No. 03-2622C, before Judge Wheeler.

Even though these cases have been assigned to different judges and have been given different docket numbers, the commonality of the issues and evidence in these cases, most of which appears to derive from the parent company of these subsidiaries, Entergy Corporation, has required significant duplication of effort and is resulting in the duplicative presentation of evidence and testimony at trial. For example, in its case-in-chief in System Fuels, No. 03-2624C, System Fuels called nine fact witnesses (Messrs. Eaton, Franklin, McGaha, Rives, Rodgers, Warren and Ms. Bryars, Ms. Canova and Ms. Saragusa) and two expert witnesses (Ms. Supko and Mr. Metcalfe) to testify. Yet, System Fuels has listed seven of those nine fact witness

and both of the expert witnesses on the witness list that it recently filed in System Fuels, No. 03-2621C, for the trial scheduled for February 2007. Moreover, SFI's description of the testimony of these witnesses on its witness list in No. 03-2621C matches the description for those witnesses on the witness list filed in No. 03-2624C.

Similarly, in pursuing its claims of partial breach of contract in both cases, System Fuels has raised the issue of the rate and schedule of performance against which to measure damages and relied upon substantially the same evidence in presenting the cases, a common issue in every spent nuclear fuel case. In the trial in System Fuels, No. 03-2624C, the plaintiff called Mr. Frank Rives to testify, in part, regarding "Entergy's understanding of DOE's obligations and performance under the Standard Contract." See Plaintiff's Witness List, No. 03-2624C, filed Aug. 18, 2006. According to the witness list recently submitted in System Fuels, No. 03-2621C, the same plaintiff again plans to call Mr. Rives to testify, in part, regarding, "Entergy's understanding of DOE's obligations and performance under the Standard Contract." See Plaintiff's Witness List, No. 03-2621C, served Dec. 15, 2006). Similarly, System Fuels relies upon the same expert opinion of Ms. Eileen Supko in both cases regarding what would be a "reasonable" rate of performance for the Court to accept. System Fuels clearly has adopted the same position regarding DOE's obligations and the rate of acceptance that the Court should find when measuring the damages arising from the partial breach of contract alleged in both cases, meaning that the testimony at trial will be largely duplicative. In the same way, the Government's evidence to refute the plaintiff's evidence regarding rate of acceptance and other common contract issues is largely the same in each case, resulting in repeated testimony from the same DOE witnesses at each trial.

As a result of this duplication of effort in these related cases, there is no reason to proceed with this case, in which the same witnesses will yet again have to appear and testify on presumably the same issues about which they testified in other System Fuels and Entergy cases, until there has been a final resolution of these other System Fuels and Entergy cases. The wasted and duplicative effort and cost associated with simply presenting the same evidence and witnesses on the same contract issues repeatedly, particularly when they involve the same plaintiff parent corporation that provides the majority of the witnesses for each subsidiary, is not justifiable. To the extent that the Court stays this case, it should stay it pending resolution of the other Entergy cases currently pending before this Court that are at a substantially further stage of proceedings than this case.

For the foregoing reasons, defendant respectfully requests that the Court stay proceedings in this case until final resolution of other Entergy and System Fuels cases that are more procedurally advanced than this case or, in the alternative, until final resolution of any appeals of the cases that the plaintiff identified in its motion to stay.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0478
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

December 22, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 22, 2006, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STAY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.