# In the United States Court of Federal Claims

**No. 03-2621C**

**(Filed January 19, 2007)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SYSTEM FUELS, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

---

**ORDER STAYING PROCEEDINGS**

---

On November 30, 2006, Plaintiff filed a motion to stay proceedings in this case until May 31, 2007. Among other reasons, Plaintiff seeks the stay pending a decision by the U.S. Court of Appeals for the Federal Circuit on whether to hear an interlocutory appeal of an order in Neb. Pub. Power Dist. v. United States, 73 Fed. Cl. 650 (2006), amended by 2006 WL 3754809 (Fed. Cl. Dec. 19, 2006), which held that the writ of mandamus issued by the U.S. Court of Appeals for the District of Columbia Circuit in Northern States Power Co. v. Dep.'t of Energy, 128 F.3d 754 (D.C. Cir. 1997), is "void" and does not preclude the Government from arguing that it is not liable in this case for partial breach of contract under the "Unavoidable Delays" clause of the Standard Contract. The outcome of such an appeal, if granted, would affect the adjudication of Plaintiff's motion for summary judgment on liability. Good cause having been shown, the Court hereby GRANTS the Plaintiff's motion and STAYS the case through **May 31, 2007**.[1] In addition, the parties are ORDERED to file, on **May 31, 2007**, a joint status report on further proceedings in this case,

---

[1] Defendant proposes an open-ended stay pending the resolution until final resolution of other Entergy and Systems Fuels cases that are more procedurally advanced that this case, or until final resolution of a series of appeals of cases that Plaintiff identified in its motion. The Court does not wish, at this time, to impose such an open-ended stay in this case. However, the Court is willing, in the future, to consider extending the stay for a significant period of time if the parties establish good cause for doing so.

including whether the stay should be continued and, if so, the length of time the stay should be extended. If the parties are of the view that a status conference in this case would be useful, then the joint status report should also include three mutually agreeable dates for holding a status conference.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**